IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLEVELAND MCFARLAND ) ) Plaintiff, ) ) v. ) ) NCO FINANCIAL SYSTEMS, INC., ) ) Defendant. ) | CIVIL ACTION FILE NO. _____ |

**COMPLAINT FOR DAMAGES AND**
**DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.

This is an action for actual and statutory damages brought by an individual consumersfor Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA")

**JURISDICTION AND VENUE**

2.

Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and/or 28 U.S.C. § 1337.

3.

Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here and the Defendant regularly transacts business here.

## PARTIES

4.

Plaintiff Cleveland McFarland (hereinafter "Plaintiff") is a natural person residing in Fulton County, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.

Defendant NCO Financial Systems, Inc. (hereinafter "Defendant") is a third-party debt collection agency with its principal place of business in Metairie, Louisiana, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  Defendant may be served through its registered agent for service of process, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia, 30361.

6.

That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect a debt allegedly owed to another.

7.

The acts of the Defendant alleged hereinafter were performed by employees of Defendant acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

8.

Plaintiff incurred a debt (hereinafter referred to as "the Subject Debt").

9.

The Subject Debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family or household purposes.

10.

The Subject Debt was a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.

Plaintiff allegedly defaulted on the Subject Debt.

12.

Upon information and belief, Defendant was engaged by the creditor to attempt to collect the Subject Debt from Plaintiff.

13.

At some point thereafter, and within the one-year statute of limitation imposed by the FDCPA, Defendant's employees began calling Plaintiff attempting to collect the above-referenced Subject Debt.

14.

At some point during attempts to reach Plaintiff, Defendant's employees contacted Plaintiff's sister and disclosed the existence of Plaintiff's debt to her.

15.

During the course of a telephone conversation, Defendant's employees threatened to take legal action that they could not do nor did intend to do.

16.

Upon information and belief, Defendant's employees called Plaintiff after he informed them that he had bankruptcy counsel and after he provided contact information for that bankruptcy counsel.

17.

Plaintiff felt harassed and intimidated by Defendant's employees and believes that the calls from Defendant's employees were designed to harass, oppress and abuse him.

18.

All telephone calls made to Plaintiff by Defendant's employees were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19.

The disclosure of the existence of Plaintiff's debt to his sister has invaded his privacy and caused humiliation, emotional distress and embarrassment to Plaintiff.

20.

To date, and upon information and belief, Defendant has not filed, nor engaged counsel to file, any lawsuit against Plaintiff.

## **CAUSE OF ACTION**

21.

Plaintiff repeats, realleges and incorporates by reference paragraphs 1through 20 above as if fully set forth herein.

22.

Plaintiff alleges that Defendant violated multiple provisions of the FDCPA, including but not limited to: 15 U.S.C. § 1692b(6); 15 U.S.C. § 1692c(b); 15 U.S.C. § 1692c(b); 15 U.S.C. § 1692e(5)(10), by reason of its conduct, statements and representations described in this Complaint.

23.

As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, emotional distress and is entitled to an award of statutory damages, costs and his attorney's fees.

**WHEREFORE**,  Plaintiff respectfully requests that judgment be entered against the Defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

d) Such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED**.

This 17th day of November, 2010.

                                                 JOHN C. FORBES, JR.
                                                 Georgia Bar No. 267709

                                                 Attorney for Plaintiff

THE LAW OFFICES OF MARK A. CAREY, P.C.
6 Concourse Parkway
Suite 1500
Atlanta, Georgia  30328
(678) 341-5550